%AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

BIG OAK GOLF DESIGN, INC., a Georgia corporation

V.

TIRSO DE UBAGO, an individual and d/b/a GOLF AFICIONADO

CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

CV- 0 8 - 8 0 1 0 7 -MISC.

Case Number: 1:04-CV-2584-CC



I, James N. Hatten _____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action  02/19/2008 , as it
                                                                                                                Date
appears in the records of this court, and that

* ...no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a)

of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

5/5/08
Date

**JAMES N. HATTEN**
Clerk

*(signature)*
(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 19 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| **BIG OAK GOLF DESIGN, INC.**, a Georgia corporation<br><br>Plaintiff,<br><br>vs.<br><br>**TIRSO DE UBAGO**, an individually and d/b/a **GOLF AFICIONADO**.<br><br>Defendants. | Civil Action No.:<br><br>1:04-CV-2584-CC |

## ORDER AND JUDGMENT

This matter was scheduled for a bench trial before this Court on October 9, 2007. The record reflects that the notice of this trial date was sent to Defendant Tirso De Ubago at his last known address, as reflected on the docket in this case. The notice was nonetheless returned as undeliverable. Pursuant to Local Rule 83.1D(3), parties appearing *pro se* before this Court have "an affirmative duty to notify the clerk's office by letter of any change in address and/or telephone number." The

CERTIFICATION
OF EXACT DOCUMENT
I hereby attest and certify that this is a true document which was electronically filed with the United States District Court for the Northern District of Georgia.
Date Filed: February 19, 2008
By: _____ Deputy Clerk
Clerk of Court
James N. Hatten

0 2 MAY 2008

record reflects that Mr. De Ubago has previously complied with this duty to supplement, having notified the Clerk of Court of a change in address in August 2005 [Doc. No. 25]. Mr. De Ubago nonetheless has not recently provided an updated address to the Court. Pursuant to Local Rule 83.1D(3), "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for . . . entry of a judgment by default." On October 9, 2007, the Court entered default judgment pursuant to this rule and proceeded to hear evidence regarding the damages sustained by Plaintiff in this case.

## I.   Factual Findings

Plaintiff Big Oak Golf Design, Inc. ("Plaintiff" or "Big Oak") presented testimony of its Vice President, David Curry. Mr. Curry was duly voir dired and qualified as an expert in the area of the design, marketing, and sales of golf putters. In finding that Mr. Curry was duly qualified as an expert, the Court took into consideration the fact that Mr. Curry has actively, and exclusively, worked in that field for over ten years, that he regularly attended industry trade shows, and that he expressed extensive knowledge about the design and manufacture of golf putters, as well as their marketing.

Big Oak and its predecessors in interest have used the trademark "HAVANA" on golf putters since 1999, and have sold its golf putters using the name "HAVANA"

directly and through a number of sales representatives and distributors located throughout the world. In addition, Big Oak advertises is "HAVANA" putter on its web site and in magazines, such as Golf Today Magazine, Golf Tips, Golfweek, Golf Illustrated, and Robb Report. Big Oak owns Georgia Trademark Reg. No. T-21457 for the mark "HAVANA", and U.S. Trademark Reg. No. 2,995,041 for the mark "HAVANA" for use on golf putters, and Big Oak has long standing prior common law rights for such use.

Defendants Tirso De Ubago, individually and d/b/a Golf Aficionado[1], operated a website (http://www.golfaficionado.com) at which Defendants offered for sale a golf putter called the "Havana" putter. However, nowhere on the putter does the mark "Havana" appear, but instead the mark "InaZONE FTR" appears on the bottom of the putter head and "PRO" with a stylized "T" is on the grip. The putter offered by Defendants is of a significantly lesser quality than the putter sold by Big Oak.

Defendants engaged in the misuse of trademarks owned by De Ubago (namely, "Golf Aficionado.com", U.S. Reg. No. 2,517,514, "Golf Aficionado.com", U.S. Reg. No. 2,548,863, "Golf Aficionado", U.S. Reg. No. 2,829,784, and "Aficionado", U.S. Reg. No. 2,836,450) by claiming in mail, fax, and other ways to customers, sales representatives, distributors, and associates of Big Oak that these

---

[1] Tirso De Ubago, individually and d/b/a Golf Aficionado are collectively referred to herein as "Defendants".

trademarks gave him rights to the "HAVANA" trademark, as set forth in Plaintiffs Complaint. Mr. De Ubago obtained a number of e-mail addresses from Big Oak which he used to send unsolicited e-mail to known business and personal associates of Big Oak, all without Big Oak's authority. Mr. De Ubago used the name Golf Aficionado as a business name without having first registered to do business under that name in California, claiming, instead, that a local business license allowed him to operate under that name in violation of the California Business and Professional Code.

Defendants engaged in numerous actions illustrating their willful disregard of Plaintiff's rights, including *inter alia:* (1) Mr. De Ubago filed for, and received, a California state trademark registration No. 110460 on the mark "HAVANA" for use on golf putters and sporting goods after the commencement of this litigation and with the knowledge that the "HAVANA" mark is owned by Big Oak; (2) Defendants wrongly, and intentionally, interfered with Big Oak's business relations, doing so at a time when Big Oak's putters were being used by professional golfers, including successive wins by Tom Jenkins, in 2005 and 2006; (3) Mr. De Ubago used the mark "HAVANA" within the Internet Web pages offered at the Internet site located at http://www.golfaficionado.com, all without Big Oak's authority; (4) Defendants directly contacted the Internal Revenue Service ("IRS") and took action intended to

cause the IRS to send Big Oak's confidential taxpayer information directly to De Ubago, without Big Oak's authority in violation of this Court's previously entered Preliminary Injunction Order [Doc. No. 22]; (5) Mr. De Ubago engaged in the false designation of origin and misrepresentation of goods in commerce false advertising; unfair competition; dilution; misappropriation, and tortious interference with Big Oak's business, and other relationships, by Defendants' use of the mark "HAVANA" with respect to golf putters and related goods, and in Defendants' use of the "HAVANA" trademark on Internet Web pages, pursuant to which the "HAVANA" trademark was accessible to individuals or Internet search engines which attempt to access Big Oak under Big Oak's "HAVANA" trademark.

Defendants willfully took orders from within the state of Georgia, and shipped infringing golf putters into Georgia with knowledge that his infringing uses of Big Oak's trademark was intended to be used to cause confusion or mistake or to deceive. Big Oak showed, to the satisfaction of the Court, that it sustained lost sales in the amount of $1,750,000, of which 40%, or $700,000, corresponded to lost profits of Big Oak. Big Oak showed, using such documents as were provided by Mr. De Ubago that Defendants sold 532 putters for $99.99 each, plus $15 in "shipping" charges. Defendants came forward with no proof of costs or deduction.

## II.  Conclusion

Defendants willfully infringed Big Oak's federal trademark rights, in violation of 15 U.S.C. § 1114, and Big Oak's state trademark rights, in violation of O.C.G.A. § 10-1-450.

**WHEREFORE**, judgment is hereby **ENTERED** in favor of Plaintiff Big Oak and against Defendants and Big Oak is entitled to, and is hereby **AWARDED**, the following:

(a) Lost profits in the amount of $700,000, pursuant to 15 U.S.C. § 1117;

(b) Sales of Defendants without deduction for costs, in the amount of $53,200;

(c) Liquidated damages, pursuant to O.C.G.A. § 10-1-450, in the amount of $10,000;

(d) Punitive damages, for willful infringement, in the amount of $1,000,000; and

(e) Attorney's fees of $44,916.41.[2]

for a total of **$1,808,116.41**.

---

[2] This amount is supported by the Declaration of Sanford J. Asman [Doc. No. 53]. The Court has reviewed Mr. Asman's rates and the amount of time he spent on this action and finds both to be reasonable.

The Court notes that this amount does not include attorney fees previously awarded in this action, which are the subject of a pervious judgment [Doc. No. 44].

In addition, Tirso De Ubago, individually and doing business under any other name, including Golf Aficionado, and all businesses associated with Mr. De Ubago, including Golf Aficionado, any related businesses, their officers, agents, servants, employees, attorneys, parents, subsidiaries, and related companies, and all persons acting for, with, by, through or under them having notice of this Order by personal service, certified mail, fax, electronic mail, or otherwise, and each of them, are **PERMANENTLY ENJOINED**, from:

(a)   claiming ownership of the "HAVANA" trademark for use on golf putters and/or related goods;

(b)   using "HAVANA" as a trade name with respect to any business involving or related to the golf industry;

(c)   using "HAVANA" as a "nickname" on golf putters and/or related goods;

(d)   maintaining any reference to "HAVANA" on any web site (including, but not limited to www.golfaficionado.com) or on any related meta tags whereby the site or any page associated therewith will appear in an Internet search engine and direct a user to a site on which any golf putters and/or related goods are promoted, offered for sale, sold, or advertised;

(e)   manufacturing, distributing, publishing, selling, offering for sale, promoting, or otherwise exploiting any golf putters and/or related goods, services, or labels

which use, bear, display, incorporate, or refer to the "HAVANA" mark in connection with golf putters and/or related goods;

(t)    infringing Big Oaks "HAVANA" trademark, or any colorable variation thereof, on golf putters and/or related goods;

(g)    engaging in acts of state or common law trade name infringement, trademark infringement, service mark infringement, unfair competition or misappropriation which would damage or injure Big Oak;

(h)    taking any action which would dilute or tend to dilute the trade name and/or trademarks of Big Oak;

(i)    sending any correspondence or initiating any unsolicited communications (including letters, faxes, or e-mail) or making any telephone calls to anyone known, or reasonably believed to be a customer, supplier, sales representative, distributor, or business affiliate of Big Oak with respect to golf putters or related products;

(j)    making use of any e-mail addresses or demographic information obtained by Defendants directly or indirectly from Big Oak;

(k)    engaging in any act which would tend to injure the business reputation of Big Oak;

(l)    using "HAVANA" or "Big Oak Golf Design, Inc.", or any colorable variant of either, in any manner which suggests that the Defendants, or any of them, and/or

their activities originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Big Oak, or that Big Oak and/or its activities are affiliated in any way with Defendants;

(m) using in connection with Defendants' activities any false or deceptive designation, representation, or description of Big Oak or its marks, whether by symbols or words or statements, which would damage or injure Big Oak or give Defendants an unfair competitive advantage in the marketplace;

(n) applying for or maintaining any state trademark registrations on the "HAVANA" mark for golf putters or related goods;

(o) interfering with Big Oak's maintaining its federal trademark registration for the "HAVANA" mark from the U.S. Patent and Trademark Office or any state trademark registration agency;

(p) inducing, encouraging, aiding, abetting, or contributing to anyone doing any of the foregoing acts;

(q) contacting any person, entity, or governmental authority, including, but not limited to the Internal Revenue Service, in any manner which indicates an affiliation with, or authorization to act as a representative of, Big Oak, or otherwise representing that that they have any relationship, authority or right to act in the name of, or in any capacity reasonably attributed to plaintiff Big Oak;

(r)   misusing any of Mr. De Ubago's registered trademarks, including, but not limited to, "Golf Aficionado.com", U.S. Reg. No. 2,517,514, "Golf Aficionado.com", U.S. Reg. No. 2,548,863, "Golf Aficionado", U.S. Reg. No. 2,829,784, and "Aficionado", U.S. Reg. No. 2,836,450; and

(s)   transferring ownership or rights to the Internet Domain "golfaficionado.com," or to any of Mr. De Ubago's registered trademarks, including, but not limited to, "Golf Aficionado.com", U.S. Reg. No. 2,517,514, "Golf Aficionado.com", U.S. Reg. No. 2,548,863, "Golf Aficionado", U.S. Reg. No. 2,829,784, and "Aficionado", U.S. Reg. No. 2,836,450, except to Plaintiff Big Oak, its attorney, Sanford J. Asman, or to a duly authorized Marshall or Sheriff, or other government official, to be applied toward the satisfaction of this judgment until the monetary portion of this Judgment has been fully satisfied.

**IT IS FURTHER ORDERED** that a copy of this **ORDER** may be recorded by Big Oak in the United States Patent and Trademark Office to restrain any transfer of rights to the foregoing trademarks, namely, "Golf Aficionado.com", U.S. Reg. No. 2,517,514, "Golf Aficionado.com", U.S. Reg. No. 2,548,863, "Golf Aficionado", U.S. Reg. No. 2,829,784, and "Aficionado", U.S. Reg. No. 2,836,450; and

**IT IS FURTHER ORDERED** that a copy of this **ORDER** may be served by

certified mail, overnight delivery service (*e.g.*, FedEx, UPS), facsimile, or email upon the registrar of the "golfaficionado.com" domain, whereby transfer of the domain name "golfaficionado.com" shall be enjoined except to Plaintiff Big Oak, its attorney, Sanford J. Asman, or to a duly authorized Marshall or Sheriff, or other government official, to be applied toward the satisfaction of this judgment until the monetary portion of this Judgment has been fully satisfied.

The Clerk of Court is **DIRECTED** to close this case.

It is so **ORDERED**, this 19th day of February, 2008.

_____
Clarence Cooper
Judge, United States District Court

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Northern District of Georgia
Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 8:24 AM EST and filed on 2/19/2008
Case Name:    Big Oak Golf Design, Inc. v. De Ubago et al
Case Number: 1:04-cv-2584
Filer:
Document Number:    54

Docket Text:
ORDER and JUDGMENT in favor of Plaintiff against Defendants. Signed by Judge Clarence Cooper on 2/19/08. --Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist--(vs)

1:04-cv-2584 Notice has been electronically mailed to:

Sanford Jay Asman     sandy@asman.com

1:04-cv-2584 Notice has been delivered by other means to:

Tirso M. De Ubago
PO Box 3431
Walnut Creek, CA 94598

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=2/20/2008] [FileNumber=2272443-0
] [8a291a2235b41b7762d2b24435d73035e5e5c01bfbf71849af0045828002f8304fb
bc836ad2b13d53901dabd68f5600307d9b5efa3549370a4b8cd3860a35bdd]]