IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG OAK GOLF DESIGN, INC., | No. C 08-80107-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 5] |
| TIRSO DE UBAGO, | |
| Defendant. | |

This matter is before the Court on Plaintiff's *ex parte* application for: (1) a Temporary Restraining Order Against Castle Rock Inspection Services, Tirso De Ubago, And Wells Fargo Bank Preventing Transfer or Dissipation of Corporate Account Funds; (2) an "Order to Show Cause Why An Injunction Should Not Issue Restraining Castle Rock Inspection Services, Inc., Tirso De Ubago and Wells Fargo Bank From Said Acts Pending Completion of an Examination of De Ubago and Hearing on a Motion Seeking a Turnover Order Re De Ubago's Corporate Shares in Castle Rock Inspection Services, Inc."; and (3) Order to Appear for Examination as to Judgment Debtor Tirso De Ubago.  For the reasons discussed below, the Court GRANTS the *ex parte* applications for a judgment debtor examination and a temporary restraining order. The Plaintiff is ORDERED to post a bond in the amount of $10,000, pursuant to Federal Rule of Civil Procedure 56(c).

**BACKGROUND**

In this action, Plaintiff Big Oak Design, Inc. ("Big Oak") is a judgment creditor and Defendant Tirso De Ubago ("De Ubago") is a judgment debtor.  On May 12, 2008, Big Oak registered a foreign judgment in this Court and on June 9, 2008, filed an abstract of the judgment. [Docket No. 1].  A writ of execution issued in the amount of $1,808,116.41 as to Tirso de Ubago on June 10, 2008.  A notice of levy on De Ubago's personal bank accounts at Wells Fargo in Concord, CA was served on Wells Fargo on August 1, 2008.

In an effort to enforce the Judgment against De Ubago, counsel for Big Oak has investigated assets which are exclusively in De Ubago's name as well as those it believes may belong to him

through his control and operation of a company known as Castle Rock Inspection Services, Inc. ("Castle Rock"). It is believed that De Ubago is the sole owner/operator and sole shareholder of Castle Rock. There is evidence before the Court that De Ubago is the Chief Executive Officer, Secretary and Chief Financial Officer of Castle Rock. The precise location of Castle Rock's executive office has not been ascertained because of conflicting publicly available information that places it in Walnut Creek, Pleasant Hill or Concord, California. [Exhibits B and C to the Motion].

While it is believed that De Ubago also resides in Walnut Creek, Pleasant Hill or Concord, California, he notified the United States District Court in the Northern District of Georgia that effective February 1, 2008, his address was in the Philippines. No precise address was given. Big Oak is concerned that De Ubago is attempting to mislead creditors as to his whereabouts in an effort to evade enforcement on the judgment.

Big Oak alleges the following assets are subject to enforcement of the judgment: (1) one piece of real property (in which liens substantially outweigh the equity); (2) an exempt IRA account; (3) a personal checking and savings account (approximately $4000 obtained through a bank levy in August 2008); and (4) three corporate accounts – two checking and one savings – in the name of Castle Rock, cross-referenced to De Ubago's social security number, and held at Wells Fargo Bank in Concord, CA. The plaintiff seeks an examination of the judgment debtor, the focus of the examination to be on De Ubago's alleged control over Castle Rock's assets. In addition, Plaintiff requests a TRO against Caste Rock, De Ubago and Wells Fargo from transferring or dissipating corporate account funds pending the completion of the examination.

## LEGAL STANDARDS

**A.     Enforcement of Judgment.**

A judgment for money entered by a district court may be registered in any other district court once the judgment is final by filing a certified copy of such judgment in the other district after the judgment has become final. 28 U.S.C. § 1963. The law of the enforcing state, not the judgment state, will normally control. *Id. See also* Fed. R. Civ. P. 69(a)(1). Under California law, all assets of a judgment debtor are subject to enforcement. CCP § 695.010. In addition, a court order for a Judgment Debtor Examination may be issued *ex parte* if the judgment creditor has not examined the

2

judgment debtor during the preceding 120 days.  CCP § 708.110(b).

Service of the order for a judgment debtor examination creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.  The lien also attaches to the judgment debtor's interest in property under a third person's possession and control.  CCP § 708.110(d); *In re Burns*, 291 BR 846, 851 (9th Cir. BAP 2003).

**B.     Temporary Restraining Order.**

Federal Rule of Civil Procedure 65 governs temporary restraining orders ("TRO").  Applicants for injunctive relief occasionally are faced with the possibility that irreparable injury will occur before the hearing for a preliminary injunction required by Rule 65(a) can be held.  11A Wright & Miller, Federal Practice and Procedure, § 2951.  A prohibitory injunction preserves the status quo.  *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).  Federal Rule of Civil Procedure 65(b) provides in part:

> (b) TEMPORARY RESTRAINING ORDERS
> (1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>   (A) Specific facts in an affidavit or verified complaint clearly show that immediate or irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>   (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-1402 (9th Cir. 1998); *A & M Records v. Napster*, 239 F.3d 1004, 1013 (9th Cir. 2001).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

## DISCUSSION

**A.     Enforcement of Judgment**.

The Court finds that Big Oak has satisfied the standard set by 28 U.S.C. § 1963 because Big

3

1 Oak filed a certified copy of the foreign judgment with this district court in order to obtain
2 enforcement of the judgment.  Moreover, Big Oak has also satisfied California state law
3 requirements by filing the judgment in Contra Costa, San Joaquin and San Francisco counties,
4 locations  where the debtor likely resides.  The plaintiff also meets its burden for an *ex parte*
5 application under California law because it attests it has not yet examined the judgment debtor in
6 this action.  Cal. Civ. Code § 708.110(b).

7 Consequently, the Court GRANTS the *ex parte* application and ORDERS Tirso De Ubago to
8 Appear for a Judgment Debtor Examination.

9 **B.     Temporary Restraining Order**.

10 The Court also GRANTS Plaintiff's request for a TRO under  Fed. R. Civ. P. 65(b) because
11 Big Oak has demonstrated a likelihood of success on the merits and the possibility that irreparable
12 injury will occur before the hearing on the preliminary junction can be held.  *Roe*, 134 F.3d at
13 1401-02; *Napster*, 239 F.3d at 1013.  A TRO and injunction serve to preserve the status quo pending
14 the outcome of this post-judgment enforcement action; namely, to prevent  De Ubago from moving
15 any Castle Rock assets over which De Ubago has control, and which Big Oak intends to demonstrate
16 belong to De Ubago through his ownership interest in Castle Rock.

17 Big Oak has proffered some evidence to support its claim that Castle Rock's corporate assets
18 are subject to the judgment against De Ubago because they in fact belong to De Ubago, in part or in
19 whole.  The evidence before the Court demonstrates that De Ubago is a primary, if not the only,
20 figure in Castle Rock as its CEO, CFO and Secretary.  Additionally, the three Castle Rock corporate
21 accounts located at Wells Fargo Bank in Concord, CA are cross-referenced to De Ubago's social
22 security number.

23 Big Oak sufficiently demonstrates that it faces irreparable injury if Castle Rock is not
24 restrained  from transferring, concealing, disposing of or otherwise dissipating any and all accounts
25 at Wells Fargo Bank in the name of or for the benefit of Castle Rock.  Generally, economic loss
26 calculable and compensable by monetary damages is not considered an irreparable injury.  13
27 Moore's Federal Practice § 65.22 (3d ed. 2009); *Los Angeles Memorial Coliseum Comm'n v. NFL*,
28 634 F.2d 1197, 1202 (9th Cir. 1980) ("Mere injuries, however substantial, in terms of money, time

4

and energy necessarily expended... are not enough to constitute irreparable injury"). However, there is a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Certainly, some of the irreparable harm Plaintiff faces if the Court were not to issue a TRO pending the examination is purely economic loss, but some is also the inability to enforce a judgment that has already been obtained through litigation on the merits, which is a matter of fundamental fairness. Moreover, by establishing that De Ubago has affirmatively represented to the district court in Georgia that he has ties to the Philippines, Big Oak raises the inference that De Ubago, when he receives notice of this Court's order, could move Castle Rock assets which may otherwise be subject to the judgment against him. This action would effectively leave Big Oak with no available remedy.

The Court also balances the hardships under FRCP 65(b)(2) and finds they tip in favor of granting the TRO. "[C]astle Rock's corporate accounts are the only asset of value which Big Oak has been able to identify and can levy upon to enforce its $1.8 million judgment." [Application at 4:6-7]. The Castle Rock corporate accounts would be frozen for ten days pending a hearing on an order to show cause why an injunction should not issue pending completion of the judgment debtor examination. If Big Oak cannot prove that De Ubago owns Castle Rock, the TRO dissolves, and Castle Rock has suffered a short-term harm for which it can seek relief from Big Oak. Indeed, to that end, the Court requires Big Oak to post a bond in the amount of $10,000 bond pursuant to FRCP 65(c).

**CONCLUSION**

For the reasons discussed above, the Court ORDERS that Castle Rock Inspection Services, Inc., its officers, agents, servants, employees and attorneys, including but not limited to Judgment Debtor Tirso De Ubago and Wells Fargo Bank, are hereby restrained from transferring, concealing, disposing of or otherwise dissipating any and all accounts or account funds at Wells Fargo Bank in the name of or for the benefit of Caste Rock Inspection Services, Inc.

It is FURTHER ORDERED that Big Oak Golf Design, Inc., a Georgia corporation, shall post a bond in the amount of $10,000 with this Court pending a hearing on the ORDER TO SHOW

CAUSE why an injunction should not issue restraining Castle Rock Inspection Services, Inc., its officers, agents, servants, employees and attorneys, including but not limited to Judgment Debtor Tirso De Ubago and Wells Fargo Bank, from transferring, concealing, disposing of or otherwise dissipating any and all accounts or account funds at Wells Fargo Bank in the name of or for the benefit of Caste Rock Inspection Services, Inc. pending completion of an examination of judgment debtor Tirso De Ubago.

The OSC is set for APRIL 7, 2009, at 1:00 p.m. The plaintiff is ORDERED to serve the defendant, Castle Rock and Wells Fargo Bank with this Order and all pleadings and papers by March 31, 2009. The defendant may file any opposition to the requested Temporary Restraining Order by April 2, 2009, at the close of business, at which time the Court will take the matter under submission.

The Court FURTHER REFERS the request for a Judgment Debtor Examination and any motion seeking a turnover order re: the Judgment Debtor to a magistrate judge.

IT IS SO ORDERED.

Dated: 3/27/09

Saundra Brown Armstrong
United States District Judge